UNITED STATES of America,
Plaintiff–Appellee,

v.

Leonel ENCARNACION–MALDONADO, also known as Leonel Encarnacion–Estrada, Defendant–Appellant.

No. 04–41154
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 22, 2006.

James Lee Turner, John Richard Berry, Assistant U.S. Attorneys, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Leonel Encarnacion–Maldonado appeals from his guilty-plea conviction and sentence for being present in the United States after having been previously removed. He was sentenced to 37 months of imprisonment and two years of supervised release. Encarnacion–Maldonado's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Encarnacion–Maldonado contends that *Almendarez–Torres* was in-

correctly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Encarnacion–Maldonado properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Encarnacion–Maldonado asserts that his sentence is invalid in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because the district court sentenced Encarnacion–Maldonado under a mandatory guidelines regime, it committed a Fanfan error. *See United States v. Walters*, 418 F.3d 461, 463–64 (5th Cir.2005). Because the Government concedes that Encarnacion–Maldonado preserved his Fanfan claim, this court reviews for harmless error. *Id.; United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). Under this standard of review, the Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Encarnacion–Maldonado differently under an advisory guidelines sentencing regime. *Walters*, 418 F.3d at 464.

The record contains no indication that the district court would have imposed the same sentence absent the error. Although the district court stated an alternative sentence it would have imposed in the absence

---

**594**

of the Sentencing Guidelines, that alternative sentence was more lenient than the imposed sentence. The Government thus cannot meet its burden. Accordingly, Encarnacion–Maldonado's sentence is vacated and the case is remanded for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.